IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERFORMANCEPARTNERS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CASE NO.: 3:23-CV-564 |
| V. | § | |
| | § | |
| | § | |
| NEXTGEN PARKING, LLC, | § | DEMAND FOR JURY TRIAL |
| | § | |
| | § | |
| *Defendants*. | § | |

# MOTION TO DISMISS

Defendant NextGen Parking LLC moves this Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## Summary of the Argument

Plaintiff's patent is facially invalid under the Supreme Court's holding in *Alice v. CLS Bank* because it is merely directed to an abstract idea. *See* 134 S. Ct. 2347 (2014). Each of the Patent's claims are directed to the abstract idea of monitoring and controlling vehicle access and do not contain an "inventive concept sufficient to ensure that the patents in practice amount to significantly more than a patent upon the ineligible concept itself." *Id.* at 2355, *quoting Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. 66 (2012). There are no factual disputes or claim construction issues that preclude the Court's dismissal at this stage. Therefore, because the Patent is invalid under 35 U.S.C. § 101, Plaintiff's case should be dismissed.

## Legal Standard

### A. Dismissal under Fed R. Civ. P 12(b)(6)

If a plaintiff fails to allege enough facts to state a claim of relief that is plausible enough on its face to raise a right to relief above the speculative level, dismissal under Rule 12(b)(6) is appropriate. *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 685 (5th Cir. 2017). Courts are not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief can survive. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Section 101 eligibility is appropriate for Rule 12(b)(6) consideration when the court can consider "sources properly considered on a motion to dismiss, such as the complaint, the patent, and materials subject to judicial notice." *Wanker v. United States*, 146 Fed. Cl. 582, 595 (2020), *quoting Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018); *see also Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring)(Section 101 inquiry is proper at the pleadings stage if it is apparent from the face of the patent that the claims are not directed to eligible subject matter).

A court ruling on a 12(b)(6) motion may rely on "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). When a document is referred to in the complaint and is central to a claim, it is considered part of the pleadings when attached to a motion to dismiss. *Giancarlo v. UBS Fin. Servs.*, 725 F. App'x 278 (5th Cir. 2018); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

B.  **Patent Eligibility under 35 U.S.C. § 101**

There are only four categories of patentable subject matter the Patent Act: "any new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101. Abstract ideas are not eligible for patent protection because holding a monopoly over an idea preempts its use in all other fields. *See Bilski*, 561 U.S. at 611-12. Determining whether a patent claim is impermissibly directed to an abstract idea involves two steps. First, a court must determine "whether the claims at issue are directed to a patent-ineligible concept." *Alice*, 134 S. Ct. at 2355. Second, if the claim contains an abstract idea, the court evaluates whether there is "an 'inventive concept'—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* Patent eligibility requires "more than simply stating the abstract idea while adding the words 'apply it.'" *Id.* at 2357. If a claim can be performed in the human mind, or by a human using pen and paper, it is not patent-eligible. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011).

<u>Argument and Authorities</u>

Each of the '435 Patent's independent claims are directed to the same abstract idea of monitoring and controlling vehicle access. **Exhibit A**. It is not necessary to address each claim of the patent where the claims are "substantially similar and linked to the same abstract idea" *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014). In that case, as in here, the Court may look to a representative claim for its Section 101 analysis. *See id.*

Here, Claim 8 it is representative of all claims. This claim recites a method for monitoring and controlling vehicle access consisting of six basic steps: (1) monitoring access points, (2) obtaining

entering vehicle information, (3) providing said vehicle with a ticket or code, (4) obtaining existing vehicle information, (5) comparing the entering and exiting information, and then (6) either permitting exit if the information matches or providing an alternative option if it does not. *See* Ex. A at 12:1-53.

Likewise, claims 1 and 15 are method claims that recite the same abstract idea of monitoring and controlling vehicle access featuring the same six steps. Claim 1 is nearly identical to Claim 8 but substitutes the words "onboard-identity/signature" for "distinguishing characteristic." *Id.* (*compare* 10:59 *with* 12:7-8). Claim 15 merely refers to a "vehicle" as a "mobile entity" and adds an element that the random code be decoded prior to the comparison step. *Id.* (*compare* 12:1 *with* 13:9-10). These minor changes do not fundamentally alter the nature of the claims or the fact that they are directed to the same abstract idea.

The remaining dependent claims of the '435 Patent do not alter the eligibility analysis, and simply recite post-solution limitations or elements performed by a computer that are "purely conventional," merely requiring "a generic computer to perform generic computer functions." *Alice*, 134 S. Ct. at 2359; *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1311 (Fed. Cir. 2016). Therefore, for the purpose of the Court's Section 101 analysis, Claim 8 is representative of all claims for the '435 Patent, and this brief will simply refer to "the Patent," or "this Patent."

A. **The Patent is invalid because it is merely directed to the abstract idea of monitoring and controlling vehicle access**

The first step in the Supreme Court's patent eligibility analysis is to determine "whether the claims at issue are directed to a patent-ineligible concept." *Alice*, 134 S. Ct. at 2355. Here, the Patent is directed to an unpatentable abstract idea because it claims nothing more than the concept of monitoring and controlling vehicle access. In assessing whether a claim is directed to an abstract

idea, courts begin by analyzing the "focus" of the claim, i.e., its "character as a whole." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018). Here, the focus of the Patent is to simply automate the process of monitoring and controlling vehicle access.

The process of monitoring and controlling vehicle access has been carried out since cars first needed to be parked. For over a century, valets, parking attendants, and security personnel have routinely monitored and controlled vehicle access to restricted areas, such as "private, government, or military facility[ies]." *See* Ex. A at 5:4-6. Parking attendants commonly record license plate numbers or other vehicle characteristics and to provide the owner with a ticket associated with the vehicle that permits entry and exit from a parking location.

The Patent claims an automated version of this process. But simply automating or digitizing "a conventional method of organizing human activity . . . does not bring the claims out of the realm of abstractness." *People.ai, Inc. v. Clari Inc.*, Nos. 2022-1364, 2022-1366, 2023 WL 2820794, at *7 (Fed. Cir. Apr. 7, 2023).

The Federal Circuit has repeatedly affirmed that similar claims were directed to unpatentable abstract ideas. For example, in *In re Killian*, the Federal Circuit held that claims directed to an automated "system and method 'for determining eligibility for Social Security Disability Insurance [SSDI] benefits through a computer network'" were ineligible. *In re Killian*, 45 F.4th 1373, 1379 (Fed. Cir. 2022). There, the patent disclosed that the "'the automated system seamlessly carries out the process of determining who is eligible . . . which frees up assigned staff to perform more traditional duties.'" *Id.* The court affirmed that the claims failed step one of *Alice* because the claims were merely directed to collecting information, understanding that information, and indicating the results, "all on a generic computer network operating in its normal, expected manner." *Id.* at 1381.

Similarly, this Patent merely recites the automation of monitoring and controlling vehicle access, which is a process of "making determinations and identifications, which are mental tasks humans routinely do." *Id.* at 1379.

Steps people go through in their minds, like mathematical algorithms, without more, are merely mental processes that fall within the abstract-idea category. *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1093 (Fed. Cir. 2016). This Patent is no different. It collects data to make a determination whether a vehicle is permitted to enter or exit an area. That it generates a unique random code and associates that code with a particular vehicle still falls within the abstract-idea category of "mental processes." *Id.*

This Patent is unlike those that have been found eligible at *Alice* step 1 for improving the functioning of computers. For example, in *Enfish*, the patent recited a specific type of data structure that was designed to improve the way a computer stores and retrieves data in memory. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016). This was found non-abstract because it improved the way computers operated and handled data, allowing for more efficient database functions. *Id.* PerformancePartners's Complaint invokes a comparison to *Enfish* by alleging that the Patent represents "technological improvements to the operation of computers as tools of trade." Compl., ¶ 19. As evidence supporting this statement, PerformancePartners points not to the claim language but rather a sequence of generic functional steps carried out by a computer:

> (i) protecting, controlling and securing a region entered and exited by vehicles; (ii) identifying, relating, rejecting or accepting an entering vehicle as a vehicle with no potential problem as the vehicle enters into a protected or protectable area or region; (iii) providing means and method for obtaining vehicle identification information for an exiting vehicle and comparing such exiting vehicle identification with the vehicle identification of entering vehicles for a matching review of stored data thereby allowing exit of the vehicle based upon the finding of a matching identification, or not allowing the exit of the vehicle if no matching is found in the stored data base;

(iv) providing means and methods for comparison and review of the obtained identification information of the entering vehicle with stored information; and (v) creating a suitable "characteristics identity" for a given vehicle by detection of select characteristics of the vehicle such as, for example, the license plate characters.

*Id.*, citing to the '435 Patent's Specification at 2:25-3:43. But this does not demonstrate any "technological improvements to the operation of computers." In fact, PerformancePartners offers no explanation as to how this could even begin to improve the technical functionality of existing systems or components. *See TLI Commc'ns*, 823 F.3d at 615; *see also buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014). It simply invokes computers as a tool to carry out the abstract idea of monitoring and controlling vehicle access, which is insufficient to confer patent eligibility. *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020).

The Patent fails *Alice* step one because it only claims the abstract idea of automating the process of monitoring and controlling vehicle access. *See Alice*, 134 S. Ct. at 2355.

**B.  The Patent does not have an inventive concept sufficient to transform the abstract idea into patent-eligible subject matter**

Since the Patent contains an abstract idea, the Court must next evaluate whether there is an "inventive concept" *Alice*, 134 S. Ct. at 2355. This means an element or combination of elements that ensures that the patent "in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* This Patent fails step two of *Alice* because it does not contain any such an "inventive concept." *Id.* at 2357. Where the only inventive concept is "application of an abstract idea using conventional and well-understood techniques," the patent is not transformed into a patent-eligible application of the abstract idea. *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290-91 (Fed. Cir. 2018).

This Patent merely recites a series of functional steps facilitated by an "information

management system." The specification confirms that each of the functional steps is to be carried about by generic computer hardware and software operating in their conventional fashion. In other words, the Patent is "simply an abstract-idea-based solution implemented with generic technical components in a conventional way." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 775 (Fed. Cir. 2019). Applying the abstract idea of monitoring and controlling vehicle access using conventional and well-understood techniques does not add significantly more to the abstract idea. *BSG Tech*, 899 F.3d at 1290-91.

Use of generic computer hardware and software does not make an otherwise abstract idea patent eligible. *See, e.g., buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014). ("That a computer receives and sends the information over a network— with no further specification—is not even arguably inventive."); *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014)("There is no "inventive concept" in CET's use of a generic scanner and computer to perform well-understood, routine, and conventional activities commonly used in industry"); *DealerTrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012)("Simply adding a 'computer aided' limitation to a claim covering an abstract concept, without more, is insufficient to render the claim patent eligible.").

Moreover, this Patent does not involve any unconventional technological solutions to a technological problem. *See Amdocs (Israel) Ltd. v. Openet Telecom*, Inc., 841 F.3d 1288, 1300-03 (Fed. Cir. 2016). The Patent recites no unique or non-conventional combination of elements. PerformancePartners's allegations that the specific combinations of elements "were not conventional or routine as of the Date of the Invention" (Compl., ¶ 17) are the type of conclusory allegations that must be disregard when evaluating a complaint under Rule 12(b)(6). *Simio, LLC v. Flexsim Software*

*Prods., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020). With no inventive concept beyond the abstract idea of monitoring and controlling vehicle access, the Patent fails both steps of the *Alice* inquiry.

**C.     There are no claim construction issues or factual disputes preventing the Court from dismissing this action.**

The issue of patent eligibility is ripe for the Court's consideration because there are no claim construction issues precluding resolution at the Rule 12 stage. No matter how the Court construes any term of Patent's claims, it remains focused exclusively on, and ultimately directed to, the abstract idea of monitoring and controlling vehicle access. And the Court need not credit the conclusory allegations in PerformancePartners's Complaint. *Id.* PerformancePartners's allegations about inventiveness, "wholly divorced from the claims or the specification," cannot defeat a motion to dismiss. *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 815 F. App'x 529, 538 (Fed. Cir. 2020).

## Conclusion

Each of the '435 Patent's claims are directed to the same abstract idea of monitoring and controlling vehicle access, and there is no inventive concept that raises the Patent above this ineligible concept. Therefore, the Patent is invalid under 35 U.S.C. § 101 and Plaintiff's case should be dismissed.

Dated:   June 14, 2023	Respectfully submitted,

*/s/* Darin M. Klemchuk
Darin M. Klemchuk
Texas Bar No. 24002418
darin.klemchuk@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
**KLEMCHUK PLLC**
8150 N. Central Expressway, 10th Fl.
Dallas, Texas 75206
Tel: (214) 3676000
Fax: (214) 367-6001

Chris Hanslik (Lead Counsel)
Texas Bar No. 00793895
chanslik@boyarmiller.com
**BOYARMILLER**
2935 Richmond Avenue 14th Fl.
Houston, Texas 77098

***Attorneys For Defendant***
***Nextgen Parking, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that this document is being served on all counsel of record via the Court's ECF system on June 14, 2023.

*/s/* Darin M. Klemchuk